IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CASE NO. 2:07-cr-204-MEF |
| ) | |
| KIWANIS MIYO JONES, ) | (WO) |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Kiwanis Miyo Jones's ("Jones") Motion for Acquittal (Doc. # 57), filed March 12, 2008, which this Court construes as containing a motion to extend the Rule 29 and Rule 33 filing deadlines.

On January 17, 2008, a jury found Jones guilty of three counts of possession of a controlled substance with intent to distribute, one count of being a convicted felon in possession of a firearm, and one count of possessing a firearm in furtherance of a drug trafficking offense. On January 25, 2008, while Jones was represented by counsel, he filed a *pro se* Motion for Judgement of Acquittal and/or In the Alternative A New Trial (Doc. # 54). On February 25, 2008, this Court issued an Order denying Jones' *pro se* motion for acquittal because he was then represented by counsel and has no right to "hybrid representation." *See Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990). On March 12, 2008, Jones's counsel filed a Motion for Judgment of Acquittal and/or New Trial (Doc. # 57).

Because Jones was convicted on January 17, 2008, any motion for a judgment of acquittal or new trial was required by Federal Rules of Criminal Procedure 29 and 33 to be

filed on or before January 28, 2008.  Consequently, Jones's *pro se* motion, which was denied because Jones was represented by counsel and has no right to hybrid representation, was timely filed.  However, the motion filed by Jones's counsel was not.

Rule 45(b)(1) gives this Court the authority to extend the filing deadline "for good cause."  Subsection (B) of that Rule allows this Court to extend a deadline after that deadline has already passed "if the party failed to act because of excusable neglect."

Under the circumstances of this case, the Court finds that Jones has demonstrated good cause for extending the time for filing under Rules 29 and 33 in order to allow this Court to consider the Motion for Acquittal and/or New Trial filed March 12, 2008.  This Court finds that it was "excusable neglect" for Jones's counsel to fail to file the motion during the time that this Court was considering Jones's *pro se* motion.  Furthermore, Jones is facing a mandatory minimum sentence of life in prison.  Given the gravity of the sentence Jones faces in this case, it is especially important to ensure a thorough evaluation of his claims.

For the reasons stated above, it is hereby ORDERED that:

(1) The Defendant's construed Motion to Extend the Rules 29 and 33 Filing Deadlines (Doc. # 57) is GRANTED to and including March 12, 2008.

(2) The United States shall file a response to the Motion for Judgment of Acquittal and/or New Trial (Doc. # 57) on or before **April 16, 2008**.

DONE this the 28th day of March, 2008.

                                                 /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE