IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cr-204-MEF |
| ) | |
| KIWANIS MIYO JONES, ) | (WO) |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Kiwanis Miyo Jones's ("Jones") Motion for Judgement of Acquittal and/or New Trial (Doc. # 57), filed March 12, 2008. On January 17, 2008, a jury found Jones guilty of three counts of possession of a controlled substance with intent to distribute, one count of being a convicted felon in possession of a firearm, and one count of possessing a firearm in furtherance of a drug trafficking offense. For the reasons set forth below, this Court finds that Jones's motion is due to be DENIED.

**I.     STANDARD OF REVIEW**

In ruling on a motion for judgment of acquittal, a court must view the evidence in the light most favorable to the Government and draw all reasonable inferences and credibility determinations in favor of the jury's verdict. *United States v. Grigsby*, 111 F.3d 806, 833 (11th Cir. 1997). Furthermore, any conflicts in the evidence must be resolved in the Government's favor. *United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir. 1992). The jury's verdict must be sustained as long as a reasonable trier of fact could find that the evidence viewed in this manner established guilt beyond a reasonable doubt. *Grigsby*, 111

F.3d at 833.

A court may grant a motion for a new trial if the interest of justice so requires.  Fed. R. Crim. P. 33; *United States v. Campa*, 459 F.3d 1121, 1151, 1153 (11th Cir. 2006); *United States v. Schlei*, 122 F.3d 944, 990-93 (11th Cir. 1997).

## II.   FACTS

On January 18, 2007, the Montgomery Police Department ("MPD") received a complaint that drug activity was taking place at 111 Cullman Street in Montgomery, Alabama.  The complaint described a gold Lincoln Towncar as being present when the suspected drug activity was taking place at the residence.  The Towncar was registered to Jones.

MPD initiated an investigation of 111 Cullman Street and had a confidential source purchase a controlled substance from an unknown individual within the residence.  Based upon this controlled purchase, MPD received a search warrant for 111 Cullman Street.  On February 1, 2007, MPD executed the search warrant on the residence; MPD found and apprehended Jones attempting to escape the residence through the back door.

The search of the residence uncovered a substantial quantity of controlled substances, including cocaine base (crack), powder cocaine, marijuana, and methamphetamine; a Walther P99 pistol; plastic bags; a digital scale; utility bills for the residence addressed to Jones; and several thousand dollars in cash.  Furthermore, the firearm was found in close proximity to the controlled substances.

**III.   DISCUSSION**

Though Jones's motion purports to be a motion for both a judgment of acquittal and a new trial, nowhere in the motion does he actually present any argument that a new trial is required in the interests of justice or otherwise. Jones does argue, however, that a judgment of acquittal is required because the evidence was insufficient to prove guilt beyond a reasonable doubt. Specifically, Jones argues that there was "conflicting evidence" as to whether 111 Cullman Street was Jones's actual residence, and that his mere presence at the scene is insufficient to convict him. Jones points to evidence indicating that the residence actually belonged to Shamus Cobb ("Cobb") and that, consequently, the drugs and guns found at the scene were Cobb's as well.

Jones is correct that evidence was presented at trial that linked Cobb to the residence. However, Jones was found at the scene of the crime, fleeing from MPD officers. Moreover, there was additional evidence linking Jones to the residence beyond his mere presence at the scene—several utilities at that address had been registered in Jones's name. Viewing this evidence in the light most favorable to the Government, and resolving all conflicting evidence in the Government's favor, this Court finds that the evidence was sufficient to sustain the jury's verdict.

Furthermore, Jones argues that a judgment of acquittal is required for his conviction under 18 U.S.C. § 924(c). Jones argues that there was insufficient evidence that Jones "used or carried" the firearm "during and in relation to" the drug trafficking crimes, or that he

3

"possessed" it "in furtherance of" those crimes, citing *United States v. Timmons*, 283 F.3d 1246 (11th Cir. 2002). Jones claims that the Government did not present sufficient evidence of a nexus between the firearm and the drug trafficking crimes to sustain his conviction for violating § 924(c).

The Government can satisfy the "possession" prong of § 924(c) by demonstrating either actual or constructive possession of the firearm. *United States v. Thompson*, 473 F.3d 1137, 1143 (11th Cir. 2006). A defendant has constructive possession if he exercises "ownership dominion, or control" over the firearm. *Id.* In order to establish that the possession of the firearm was "in furtherance of" a drug trafficking crime, there must be a "nexus between the firearm and the drug selling operation." *Id.* Whether there is a nexus is determined by the following factors: the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found. *See Timmons*, 283 F.3d at 1253.

In *Thompson*, the Eleventh Circuit upheld a conviction under § 924(c) for possession of a firearm in furtherance of a drug trafficking crime based upon factual circumstances similar to this case. In *Thompson*, police arrested Thompson as he was leaving a residence. A search of the residence uncovered a dog food bag containing cocaine, several bags of ecstacy pills, two shoe boxes containing marijuana, digital scales, and two surveillance

monitors covering the perimeter of the house. The police also found two loaded handguns stuffed among couch cushions. *Thompson*, 473 F.3d at 1140. In upholding the conviction, the Circuit noted that:

> Because the two handguns found at the Oglethorpe Avenue apartment were readily available, although hidden, in the living room where drugs were being packaged for sale, there was enough evidence for the jury to find that they were possessed in furtherance of the drug business by those who were in it.

*Thompson*, 473 F.3d at 1144.

In this case, MPD officers apprehended Jones fleeing from the residence. Further, there was evidence that the firearm was found in plain view in close proximity to drugs. Because the firearm was not hidden, it was even more accessible than the firearms in *Thompson*. Accordingly, viewing the evidence in the light most favorable to the Government, there was sufficient evidence for a reasonable trier of fact to conclude that Jones possessed the firearm in furtherance of a drug trafficking crime. *See id.*[1]

Jones further argues that there can not be a nexus between the firearm and the drug trafficking crime when the Government failed to present any evidence that the firearm was

---

[1] The vast majority of the cases cited by Jones to support his arguments are inapposite because they were interpreting the version of 18 U.S.C. § 924(c) prior to the 1998 amendment. Prior to 1998, § 924(c) only applied to a defendant who "uses or carries" a firearm "during or in relation to" a drug trafficking crime. However, in 1998 the statute was amended to include anyone who "possesses" a firearm "in furtherance of" a drug trafficking crime. Consequently, the 1998 amendment significantly broadened the scope of the conduct covered by the statute. Furthermore, Jones's citation to *United States v. Mann*, 389 F.3d 869 (9th Cir. 2004) is readily distinguished from this case on the basis that the firearm in *Mann* was locked in a safe and thus not nearly as accessible to the defendant.

operable. The operability of the firearm might be relevant to a court's inquiry into whether a nexus exists or not. *See Timmons*, 283 F.3d at 1253 (finding that whether a gun is loaded is relevant to establishing a nexus between the firearm and a drug trafficking crime). However, this does not mean the Government was required to prove operability as an essential element of the crime. This Court finds that other factors, accessibility, proximity, the type of drug activity, and the circumstances under which the gun was found, are more than sufficient to establish a nexus between the firearm and the drug trafficking crime.

## IV.   CONCLUSION

For the reasons stated above, it is hereby ORDERED that Defendant's Motion for Judgment of Acquittal and/or New Trial (Doc. # 57) is DENIED.

DONE this the 29th day of April, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE